No. 22-55254


**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

PERSIAN BROADCAST SERVICE
GLOBAL, INC., a California Corporation
*Plaintiff-Appellant*,

v.

MARTIN J. WALSH, Secretary of Labor;
U.S. DEPARTMENT OF LABOR,
*Defendants-Defendants*

---

Appeal from United States District Court – Central District, California
Case No. 2:21-cv-00229-CAS-GJS    (Honorable Christina A. Snyder)


**REPLY BRIEF BY PERSIAN BROADCAST SERVICE
GLOBAL INC.**

---

Ira J. Nasserian, Esq.
CSB# 225380
12 Cypress Way
Rolling Hills Estates, CA 90274
Phone: (310) 337-7900
Email:  inasserian@lawinscal.com
*Attorney for Plaintiff-Persian*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................4

INTRODUCTION..........................................................................................6

ARGUMENT................................................................................................7

A. This Court Should Grant this Appeal and Reverse the
District Court's Summary Judgment Decision on Persian's
APA Claim.................................................................................................7

1. Persian's Reply to  Defendants Answering Brief (AAB)
Argument #1 "Persian Does Not Dispute that it Failed to Pay
Varess the Required Wage Under Either LCA or that the First
LCA Was Enforceable" ...................................................................7

**2.** Persian's Reply to  Defendants Answering Brief (AAB)
Argument #2 "The District Court Appropriately Declined
to Disturb the ARB's Reasonable Conclusion that the Expiration
of Varess's E-3 Visa Did Not End Persian's Requirement to Pay the Required
Wage**"**....................................................................................................8

a. Persian disputes Defendants' simplistic characterization
that "A Visa is a Travel Document, While an LCA is an Employment
Document".......................................................................................9

b. Varess Received Authorization to Stay in the United States Until
September 2015 but he chose not to remain, and his departure
terminated that
authorization............................................................................... 13

c. Persian disputes Defendants Argument "Persian's Position is
Inconsistent with the Breadth of the LCA Wage Requirement

and the Limited Exceptions to that requirement"..........................................15

   d. Persian disputes Defendants' Argument "The ARB's Decision

     in *Manoharan* Is Distinguishable Because It Involved an H-1B

     Worker, not an E-3

     Worker".....................................................................................16

   e. Persian disputes Defendants argument-"Persian Was Responsible

     to Pay Varess the Required Wage for the Duration of the Second LCA, and

     Varess's Administrative Complaint Was Therefore Timely."......................18

2. Persian contends that the District Court's Decision Is No Longer Consistent with

   the Policy of the E-3 Statute and Regulations ................................19

  B. This Court Should Overturn the District Court's Grant of Summary Judgment

   on DOL's Counterclaim................................................................ ...20

CONCLUSION.............................................................................20

STATEMENT OF RELATED CASES...............................................21

CERTIFICATE OF COMPLIANCE................................................22

CERTIFICATE OF SERVICE..........................................................23

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Vimalraj Manoharan v HCL America, Inc.*, (ARB 2021-0060) 04/14/ 2022 ...............6,7,8,9,12,16,17,18,19

*Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 732 (9th Cir. 2017)...8

*San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014).......................9

*Ctr. for Biological Diversity v. Esper*, 958 F.3d 895, 910 (9th Cir. 2020)........................................10

*Nair v. Coultice* 162 F. Supp. 2d 1209 (S.D. Cal 2001).....................................................................11

**STATUTES**

5 U.S.C §706.........................................................................................................................................8

5 U.S.C. § 706(2)(A), (E).....................................................................................................................9

8 U.S.C. 1101(a)(15)...........................................................................................................................16

8 U.S.C. § 1184(c)(1)..........................................................................................................................11

INA 214(i)(1). .....................................................................................................................................10

**REGULATIONS**

8 C.F.R. §274a.12(b)(25).....................................................................................................................11

20 C.F.R. §§ 655.700(d)(1).................................................................................................................11

20 C.F.R. § 655.705(b).......................................................................................................................11

20 C.F.R. § 655.806(a)(5)..................................................................................................................8,18

20 C.F.R. § 655.750(b)(3),(c)(3)................................................................................................... 15,16

27 C.F.R. §478.11...............................................................................................................................16

**OTHERS**

9 FAM 402.9-8.....................................................................................................................................11

9 FAM 402.9-8(B).............................................................................................................................10

9 FAM 402.9-8(D).............................................................................................................................10

9 FAM 402.9-8(F)(b).........................................................................................................................11

https://www.dhs.gov/visa-types..........................................................................................10

https://www.cbp.gov/travelvisas:text..............................................................................10

https://www.uscis.gov/working-in-the-united-states/temporary-workers/e-3-specialty-occupation-workers-from-australia...................................................................................................12

https://travel.state.gov/content/travel/en/us-visas/visa-informationresources/ frequently-asked-questions/about-basics.html..................................................................................14

https://studyinthestates.dhs.gov/2017/04/what-does-term-nonimmigrant-mean.....................16

## **INTRODUCTION**

This case is an affirmation that if you ask the same question in different ways, eventually someone will give the right answer. Here, Appellant (Persian) originally asked an Administrative Law Judge to determine that it did not owe one Majid Varess back pay. The Administrative Law Judge originally agreed with Persian and ruled in its favor (ER-55) only to reverse his decision on remand (ER-75) after being ordered to do so by the Department of Labor's (DOL) Administrative Review Board (ARB) (ER-65) which then affirmed his new decision. ER-79.

Thankfully, while this case was before the courts, another case was brought before the ARB with a strikingly similar factual situation, *Manoharan v. HCL America*, No. 2021-0060, 2022 WL 1469017 (ARB Apr. 14, 2022), an ARB decision rendered after the present appeal was filed.

Defendants', apparently mindful of the jeopardy *Manoharan* has placed their past position have gone to great lengths and done an admirable job in "muddying the waters" by seeking to distinguish that case by pointing the differences between the H-1B visa and the E-3 visa that is the subject of the current appeal. Appellees' Answering

Brief (AAB at 13, 31-35). Unfortunately, Defendants' attempted misdirection by highlighting the differences in the two visas cannot eliminate the ARB's description in *Manoharan* of the role the LCA in determining when and how much an employer's obligation to pay wages occur.

Defendants' express that the LCA' designation of a period of authorized employment somehow gives the alien the actual employment authorization. AAB at 33-34. This is a complete misstatement and misunderstanding of the immigration laws as will be addressed in our arguments below. That, along with the ARB's dicta in *Manoharan*, creates a new determination of the regulations by an administrative agency that this august tribunal should accord the same deference the District Court originally gave to the older ARB decision deference and sustain this appeal.

## ARGUMENT

### A. This Court Should Grant this Appeal and Reverse the District Court's Summary Judgment Decision on Persian's APA Claim

#### 1. Persian's Reply to Defendants Answering Brief (AAB) Argument #1 "Persian Does Not Dispute that it Failed to Pay Varess the Required Wage Under Either LCA or that the First LCA Was Enforceable"

Persian does not contest any fact as portrayed in Defendants' Answering brief. It admits that Varess had a viable claim for payment of wages under the first LCA but only under the first LCA and not the second LCA. However, Persian continues to maintain that any claim Varess's had to receive the wages under the first LCA expired upon his failure to timely file his complaint "not later than 12 months after

the latest date on which the alleged violation(s) were committed," which is "the date on which the employer allegedly failed to perform an action or fulfill a condition specified in the LCA" 20 C.F.R. § 655.806(a)(5) as further described below at # 2.e.

## 2. Persian's Reply to Defendants Answering Brief (AAB) Argument #2 "The District Court Appropriately Declined to Disturb the ARB's Reasonable Conclusion that the Expiration of Varess's E-3 Visa Did Not End Persian's Requirement to Pay the Required Wage"

Defendants' answering brief draws its support and authorities from the District Court's reasoning in adoption of the ARB's decision in finding that the expiration of Varess' E-3 visa did not end Persian's requirement to pay the required wage was reasonable". ER-82 The District Court adopted the ARB's decision and the arguments therein as it considered itself bound by the cases giving deference to administrative agencies interpretations of their regulations. ER-19. Persian is asking this court to give the same deference to the ARB decision *Manoharan v. HCL America*, No. 2021-0060, 2022 WL 1469017 (ARB Apr. 14, 2022) decided after the District Court's decision in this matter that provided a distinctly different interpretation of the respective roles of visa's, LCA's and their functions in authorizing employment for nonimmigrants.

Challenges to final agency action decided on summary judgment are likewise reviewed de novo, and subject to the standards in 5 U.S.C §706 of the APA. *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 732 (9th Cir.

2017). Under this standard, a court may set aside agency action only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). "As a reviewing court, we must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014). "Where the agency has relied on relevant evidence . . . that a reasonable mind might accept as adequate to support a conclusion, its decision is supported by substantial evidence, and this court must affirm the agency's finding." *Ctr. for Biological Diversity v. Esper*, 958 F.3d 895, 910 (9th Cir. 2020)

Persian undertook the present appeal based up its belief that both the ARB and District Court' decision improperly accorded the LCA with the singular ability to authorize employment for an E-3 nonimmigrant and propounds that the most recent decision in *Manoharan* represents a reversal of the conclusions of the ARB's decision in this matter and should now be considered the final authority in support of Persian's position that the expiration of Varess's nonimmigrant visa status ended its obligation to pay further wages and not the end date of a second LCA. As such, the ARB's and District Court's past decision is no longer "in accordance with law".

### a. Persian disputes Defendants' simplistic characterization that "A Visa is a Travel Document, While an LCA is an Employment Document"

Defendants write "a visa is a travel document". AAB at 23  It is actually much more. The type of visa is defined by immigration law and relates to the purpose of travel. Visas are issued by American embassies and consulates." https://www.dhs.gov/visa-types

Issuance of a visa does not guarantee entry to the United States. A visa simply indicates that a U.S. consular officer at an American embassy or consulate has reviewed the application and that officer has determined that the individual is eligible to enter the country for a specific purpose. The CBP Officer at the port-of-entry will conduct an inspection to determine if the individual is eligible for admission under U.S. immigration law. https://www.cbp.gov/travelvisas:text      .

The E-3 category provides for the issuance of visas solely to E-3 qualifying nationals performing employment within a "specialty occupation." 9 FAM 402.9-8(D). A treaty applicant in a specialty occupation must meet the general academic and occupational requirements for the position pursuant to INA 214(i)(1).  9 FAM 402.9-8(B) A consular officer issues a visa based upon the applicant's satisfaction of the criteria required for eligibility in that visa category. If an alien is applying for an E-3 visa, he is applying for the ability to present himself at a US port of entry before a CBP officer for permission to enter the US to work in that category. If the applicant alien

satisfies the inspecting CBP officer, he is admitted in E-3 nonimmigrant status, which allows him to work and remain in the USA for the duration of his authorized stay. However, if he or she departs the USA at any time during the period of admission, that status is terminated and they must be granted a new period of admission up to the time authorized in the LCA. See *Nair v. Coultice* 162 F. Supp. 2d 1209 (S.D. Cal 2001) where the court held that time spent outside the U.S. could be recaptured and added back to the six year statutory maximum period of authorized stay in the U.S. in H-1B status.

Similarly, if the E-3 visa has expired, a new application is required at the US consulate. 9 FAM 402.9-8, 20 C.F.R. §§ 655.700(d)(1); 8 U.S.C. § 1184(c)(1); 8 C.F.R. §274a.12(b)(25); 20 C.F.R. § 655.705(b). As mentioned in Persian's opening brief, it is highly unlikely that a consular officer, in reviewing Varess' application and learning that he was not paid the amount promised in the original LCA, would issue Varess a new visa with a wage substantially higher than the first which certainly influenced his decision not to seek a new E-3 visa. AOB at 18 (See also 9 FAM 402.9-8(F)(b)

Defendants label an LCA as an "employment document". AAB pg 23  Persian is unsure as to what that term means in context to the ability to enter the USA and work under an E-3 visa. Defendants are careful not to claim that the LCA gave Varess any

right to be employed in the US as only the DHS authorities are given that ability.

The LCA is merely one cog in the wheel. The DHS and DOL require that employers complete an LCA to ensure that the employment of H-1B/E-3 visa holders does not adversely affect the wages and working conditions of U.S. workers. https://www.rfsuny.org/media/rfsuny/procedures/per_labor-condition-application-h1b-e3-nonimmigrants_pro.htm. An LCA is not employment authorization, which can only be granted by a CBP officer or USCIS through the issuance of a Form I-94 Arrival/Departure Record. https://www.uscis.gov/working-in-the-united-states/temporary-workers/e-3-specialty-occupation-workers-from-australia and it is not an employment contract. ER-50. Without the appropriate visa status, it does not bestow the right to work and earn wages in the USA. The INA and the relevant regulations demonstrate that an LCA authorizes the employer to employ H-1B nonimmigrants for a particular position in the country, while the approved Petition authorizes an individual H-1B nonimmigrant to work for an employer in the U.S.

In the case of an E-3 intending nonimmigrant worker, the only difference is the consular officer assumes the adjudicatory responsibility of providing the CBP, through his or her adjudication of the E-3 visa application, the type of status to admit the alien unless inspection finds he or she inadmissible. *Manoharan*, id page 14. In that context, Persian, in light of the *Manoharan* decision discussed in detail below, emphatically

contests the Defendants' position that it was eminently reasonable for the ARB to conclude that the LCAs, and not the visa, controlled the length of Persian's wage obligation to Varess simply because, after the Manoharan decision this is no longer the DOL's interpretation of the role of an LCA.

**b. Varess Received Authorization to Stay in the United States Until September 2015 but he chose not to remain, and his departure terminated that authorization-**

Persian does not dispute that in September 2013 a CBP officer admitted Varess for a period of two years until 2015. Unfortunately, this is a common error due to the misunderstanding of the authorized admission period of E-1 and E-2 visas compared to E-3 visas. E-1 and E-2 visas do not require a LCA with a specific period authorized and are admitted for no more than 2 years. E-3 Visa holders are admitted either until the expiration date of their visa or the LCA, whichever is shorter. The confusion between the visas and their permitted periods of admission is a common mistake which is exemplified by the discussion below prepared by an immigration attorney dealing directly with this subject. (Note that this is not cited as authority but solely as an informational tool of a common error by uninformed CBP personnel.):

*CBP officers generally do not consider the validity period of the LCA when issuing I-94s. If you recently entered on an E-3, it is important check if your*

*admission period (the date issued on your I-94 which denotes your legal status in the U.S.) extends beyond the validity period of your LCA or your E-3 visa. **If so, you may not be authorized to work for the entirety of the admission period on E-3 status, which may cause unforeseen issues regarding the maintenance of the E-3 status.** You should aim to file a new LCA and apply for the E-3 visa renewal prior to the expiration of the underlying LCA to prevent a break in work authorization or issues with maintaining valid status. (Emphasis added)*

https://legalservicesincorporated.com/immigration/potential-issues-with-nonimmigrant-workers-admitted-in-e-3-status/

Even ignoring the CBP officer's clear error, Defendants' argument that Varess's admission authorized him to stay in the United States in E-3 status is self-defeating. It relies on a U.S. Dep't of State, Bureau of Consular Affairs advisory that "[y]ou will be able to **remain** in the United States during your authorized period of stay, even if your visa expires during the time you are in the United States. (Emphasis Added) AAB at Page 27 citing https://travel.state.gov/content/travel/en/us-visas/visa-informationresources/ frequently-asked-questions/about-basics.html.

In this matter, Varess, either correctly or incorrectly admitted as an E-3 nonimmigrant, did not *remain* in the United States until September 2015. Instead, he returned to Australia on November 16, 2013 and never reentered on an E-3

visa. ER-6,35,42 The day that Varess departed his period of authorized stay ended. Varess' period of authorized stay ended in November16, 2013, not September 2015.

### c. Persian disputes Defendants Argument "Persian's Position is Inconsistent with the Breadth of the LCA Wage Requirement and the Limited Exceptions to that requirement"

Defendants cite 20 C.F.R. § 655.750(b)(3), (c)(3) "The LCA is valid for the period certified by [DOL], and the employer must satisfy all the LCA's requirements (including the required wage which encompasses both prevailing and actual wage rates) *for as long as any [E-3] nonimmigrants are employed pursuant to that LCA*[.]")(Emphasis added by Defendants) see AAB at Page 30

Defendants further argue in their footnote 8 "that "Persian has therefore waived or forfeited any arguments that it was excused from paying Varess the required wage on these grounds" because Persian "does not dispute that Varess could have remained in E-3 employment for Persian—even if he worked from Australia—had he renewed his visa." AAB at Page 31

There is an obvious flaw in this argument that is exposed within its very text of - specifically that Defendants' agree that had Varess renewed his E-3 visa he would have remained in E-3 employment. This would affirm that when Varess chose not to review his visa, even because of non-payment of his wages- he chose not to remain in E-3 employment. Persian's contention has always been that Varess's inability to be

employed as an E-3 nonimmigrant factually and legally terminated its wage obligation to him. There is no dispute that when Varess left the United States in November 2013 his E-3 visa was expired or that he never received an E-3 visa thereafter. ER-36,43 . The U.S. government uses the term **nonimmigrant** to refer to foreign nationals who are **admitted** to the United States temporarily for a specific purpose. (Emphasis added) See  https://studyinthestates.dhs.gov/2017/04/what-does-term-nonimmigrant-mean. A nonimmigrant alien is an **alien in the United States** in a nonimmigrant classification as defined by section 101(a)(15) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(15)). Generally, "nonimmigrant aliens" are tourists, students, business travelers and temporary workers who enter the U.S. for fixed periods of time; they are lawfully **admitted** aliens who are not lawful permanent residents. 27 CFR § 478.11

20 C.F.R. § 655.750(b)(3),(c)(3) is limited "*for as long as any **[E-3] nonimmigrants** are employed pursuant to that LCA.*"  Varess was not and could not be an "E-3 nonimmigrant" after his November 2013 departure because he never sought admission as E-3 nonimmigrant thereafter. In fact he never even sought to obtain a new E-3 visa to seek entry and admission after that date.

### d. Persian disputes Defendants' Argument "The ARB's Decision in *Manoharan* Is Distinguishable Because It Involved an H-1B Worker, not an E-3 Worker"

Persian is indeed reliant on *Manoharan v. HCL America*, No. 2021-0060, 2022 WL 1469017 (ARB Apr. 14, 2022) primarily for its description of the role of the LCA

in determining the period of authorized employment. Defendants have continually asserted that the ARB decision in the current matter defined the period of authorized employment by the period certified on the LCA once an individual "enters into employment" in order to justify back wages even after the E-3 status expired. In *Manoharan*, other that the difference in nonimmigrant visas, the facts run almost parallel to the case at bar.

Defendants seek to distinguish *Manoharan* by first referencing a footnote to the regulatory background stating that the "analysis was limited to H-1B visas", and identifying an H-1B nonimmigrant's status as controlled by a USCIS approved petition as opposed to an E-3 that requires "only an LCA and a visa". AAB at 33  A CBP officer at the port of entry will determine admission and therefore the period of authorized admission as an E-3 nonimmigrant. The period of authorized stay is limited to the duration of the visa used for entry but for no more than 2 years.

 Persian asks this Court to see through the smoke screen created by Defendants to deflect the attention away from the ARB's simple finding that the period of authorized employment is not controlled by the LCA, a direct departure from the ARB's and District Court's finding.

The ARB in *Manoharan* concludes" The INA and the relevant regulations demonstrate that an LCA authorizes the employer to employ H-1B nonimmigrants for

a particular position in the country, while the approved Petition authorizes an individual H-1B nonimmigrant to work for an employer in the U.S." *Manoharan*, supra at page 14. Similarly, in the present case the LCA authorized Persian to employ E-3 nonimmigrants, while the CBP (DHS) in conjunction with a DOS issued visa authorized Varess to work in the United States. Once Varess left the United States, his authorized stay here and the purpose for his admission ended as did any obligation by Persian to pay future wages.

**e. Persian disputes Defendants argument-"Persian Was Responsible to Pay Varess the Required Wage for the Duration of the Second LCA, and Varess's Administrative Complaint Was Therefore Timely."**
Persian has maintained that Varess failed to timely file his complaint under 20 C.F.R. §655.806(a)(5). Persian has always claimed that Varess's departure and subsequent decision to not renew his expired E-3 visa rendered any complaint filed by him as untimely. AOB at 18,19

The District Court accepted the ARB decision that a complaint filed on February 5, 2015, would be timely because any nonpayment of wages during the second LCA period would start the clock as a failure to perform an action, and the LCA period was still ongoing when Varess filed his complaint. ER-19 While the District Court's decision to support the ARB's analysis may or may not have been correct at the time it was rendered, Persian now relies on the most recent decision by the ARB in *Vimalraj Manoharan v HCL America, Inc*., (ARB 2021-0060) April 14, 2022 as a significant

18

departure of the weight given to an LCA in determining the period of authorized employment.

In *Manoharan* the complainant argued on appeal that his employer's wage obligation continued until the end date specified in his first LCA or second I-94, February 20, 2018. *Manoharan* id , pages 2,5,12   The ARB found that the Complainant's period of authorized employment concluded on March 1, 2017, the end date on his second approved H-1B Petition.

By this decision, the ARB clearly confirms that the period on the LCA only describes the period an employer is authorized to employ a foreign worker and that the expiration of the date of an H-1B petition ends the "period of authorized employment". *Manoharan* id. Under this analysis, the expiration date of Varess's E-3 visa, which signified the period of authorized employment, should lead this Court to the same conclusion- that Varess had only until November 2014 (one year after he departed from the US) to timely file his complaint (or in January 2015 when he withdrew his application for a new E-3 visa). ER at 18-20   Under either date, his claim was filed months thereafter, and accordingly, it must be barred by the statute of limitations.

3. **Persian contends that the District Court's Decision Is No Longer Consistent with the Policy of the E-3 Statute and Regulations**

4.

Persian rests on its assertion that the decision in *Vimalraj Manoharan v HCL America, Inc* accurately describes the ARB's current interpretation of the policy of the E-3 Statutes and Regulations which was published after the District Court's decision and that interpretation both supports Persian's position that Varess's complaint was barred by statute and he is not entitled to back wages after November 2013.

## B. This Court Should Overturn the District Court's Grant of Summary Judgment on DOL's Counterclaim

Defendants write "Persian does not appear to contest the merits of DOL's counterclaim on appeal, and similarly declined to do so before the district court." AAB at 42. Persian, in this appeal, is asking this Court to vacate the District Courts decision regarding Persian's liability for back wages to Varess either completely or to modify the award accordingly. Therefore, should the Court do so, DOL's counterclaim will become unenforceable. Defendants are well aware of this by their summation "Accordingly, unless this Court vacates or modifies the ARB's order, it should affirm the district court's grant of summary judgment on the enforcement counterclaim as well."  AAB at 43

**CONCLUSION**

For the foregoing reasons in its opening brief and this reply, Persian respectfully

requests that this Court sustain this appeal in its favor.

Dated: 12/21/2022                                     Respectfully submitted,


                                                      /s/ Ira J. Nasserian, Esq.

                                                      *Attorney for Plaintiff-Appellant*

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to 9th Circuit Rule 28-2.6, Plaintiff-Persian submits that there are no known related cases pending in this Court.


<u>/s/ Ira J. Nasserian, Esq.</u>

*Attorney for Plaintiff-Persian*

**Form 8.    Certificate of Compliance Pursuant to 9th Circuit Rules 28.1-1(f), 29-2(c)(2) and (3), 32-1, 32-2 or 32-4 for Case Number 17-16705**

This Reply brief complies with the length limits permitted by Ninth Circuit Rule

32-1. The brief is 3,529 words, excluding the portions exempted by Fed. R. App. P.

32(f),if applicable. The brief's type size and type face comply with Fed. R. App. P.

32(a) (5) and (6).

Signature of Attorney                    Date:  1 2 / 2 1 / 2 0 2 2

/s/ Ira J. Nasserian, Esq.

*Attorney for Plaintiff-Persian*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2022 an electronic copy of the Reply Brief of Plaintiff-Persian was filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. The undersigned also certifies that participants who are registered CM/ ECF users will be served via the CM/ECF system.

/s/ Ira J. Nasserian, Esq.

*Attorneys for Plaintiff-Persian*